UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BETH GROSSMAN,

    Plaintiff,

vs.                      CASE NO. 3:02-cv-587-J-HTS

MICHAEL J. ASTRUE,
Commissioner of
Social Security,[1]

    Defendant.

**O R D E R**

This cause is before the Court on Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #36; Motion), filed on December 6, 2006. It was originally represented that the Commissioner did not object to the granting of the Motion. Motion at 2. However, on January 25, 2007, the Court entered an Order (Doc. #39; Order) directing, in part, that the parties file memoranda "addressing the issue of whether the Motion is timely under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure." Order at 3. The Commissioner responded on February 12, 2007, asserting that the Motion had been filed out of time and objecting "to an award of fees based on an untimely application." Commissioner's Response to the Court's Request for Comments on

---

[1] Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

Timeliness of Plaintiff's Motion for Attorney Fees Under 42 U.S.C. Section 406(b) (Doc. #42; Commissioner's Response) at 2.

Under Rule 54(d)(2)(B), Federal Rules of Civil Procedure (Rule(s)), motions for attorney's fees "must be filed no later than 14 days after entry of judgment[.]"[2] In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit stated that Rule 54(d)(2) applies to claims for attorney's fees under 42 U.S.C. § 406(b). However, the *Bergen* court declined to reach the issue of when the fourteen-day period begins to run in cases of remand that ultimately result in the award of past-due benefits. *See Bergen*, 454 F.3d at 1277-78.[3]

In this case, judgment was entered on December 15, 2003, reversing the case and remanding for further proceedings at the administrative level. *See* Judgment in a Civil Case (Doc. #28). On remand, a fully favorable decision entered finding Plaintiff entitled to disability benefits, and on December 6, 2005, the

---

[2] Rule 4.18(a), Local Rules, United States District Court, Middle District of Florida, reiterates the requirement in Rule 54 that "all claims for costs or attorney's fees . . . shall be . . . filed not later than fourteen (14) days following the entry of judgment."

[3] In a previous opinion in *Bergen*, which was subsequently vacated, the court reasoned that the fourteen-day period "should begin to run from the day that the award notice is issued" by the Social Security Administration. *Bergen v. Comm'r of Soc. Sec.*, 444 F.3d 1281, 1286 (11th Cir. 2006), *vacated and superseded on reh'g*, 454 F.3d 1273 (11th Cir. 2006). The court noted that to strictly apply the time period as running from the date of entry of judgment in remand cases "conflicts with congressional intent in enacting § 406(b) and is impractical in light of the exigencies particular to post-judgment proceedings in Social Security cases." *Id.* However, in vacating the previous opinion, the Eleventh Circuit expressly declined to reach the issue, finding the petitions for fees at issue timely filed in light of the Commissioner's lack of objection thereto. *Bergen*, 454 F.3d at 1277-78.

Social Security Administration issued a Notice of Award. *See* Notice of Decision Fully Favorable, attached as first exhibit to the Commissioner's Response; Notice of Award, attached as second exhibit to the Commissioner's Response. While there appears to be some dispute as to when the Notice of Award letter was sent to Plaintiff's counsel, Mr. Alexander does acknowledge having received it by facsimile on July 10, 2006. Plaintiff's Attorney's Supplemental Memorandum in Support of His Motion for an Award of Attorney Fees Under 42 U.S.C. Section 406(b) (Doc. #41; Plaintiff's Response) at 2. No explanation is offered as to why the Motion was not then filed until December 6, 2006, almost five months later.[4] In short, Plaintiff's attorney makes no showing that the Motion was timely made within any arguably applicable fourteen-day period.

Notwithstanding the Court's recognition of counsel's diligence and the long hours he expended in the successful representation of his client, regrettably, the Court must find the Motion to have been untimely filed. Accordingly, the Motion (Doc. #36) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of March, 2007.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

---

[4] Although Plaintiff points to a case from this district wherein attorney's fees under § 406(b) were granted "after the passage of fourteen days from the entry of the Judgment[,]" Plaintiff's Response at 3, it is noted the aforementioned case preceded the Eleventh Circuit's pronouncement in *Bergen* that the fourteen-day time limit in Rule 54(d)(2) applies to such fee applications.

Copies to:

Counsel of Record and
    pro se parties, if any